SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**<u>Mack-Cali Realty Corp. v. State of New Jersey</u> (A-8/9/10/11-21) (085465)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Messano's opinion, published at 466 N.J. Super. 402 (App. Div. 2021).)**

**Argued April 25, 2022 -- Decided May 31, 2022**

**PER CURIAM**

The Court considers whether the "residency exemption" in Jersey City Ordinance 18-133 -- which imposes on every Jersey City "employer a tax equal to one percent of the employers' payroll" for the purpose of funding public education, but which exempts employers from paying the tax for employees who are residents of Jersey City -- violates the Commerce Clause of the United States Constitution.

Jersey City enacted the Ordinance with the stated purpose "to establish a payroll tax on the payrolls of Non-Jersey City residents for the benefit of Jersey City schools." The Ordinance became effective on January 1, 2019, <u>see</u> Jersey City, N.J., Code § 304-18, and it provides "[a]n employer shall incur no payroll tax relative to its Jersey City-resident [e]mployees," <u>id.</u> at -19(A).

Plaintiffs -- a group that includes real estate developers and urban renewal entities in Jersey City; business owners with operations in Jersey City; labor unions whose members provide personnel and services to Jersey City businesses and some of whose members live in Jersey City; and business trade associations -- challenged the Ordinance on several grounds. They filed a verified complaint and order to show cause seeking to declare that -- as relevant here -- the Ordinance violated the Commerce Clause of the United States Constitution.

The trial court granted defendants' motion to dismiss the complaint and denied plaintiffs' cross-motion for summary judgment, concluding that the Ordinance was a valid, constitutional exercise of Jersey City's authority. The Appellate Division affirmed the trial court's dismissal except as it pertains to supervisor positions. 466 N.J. Super. 402, 443, 447 (App. Div. 2021).

1

The appellate court noted the federal Commerce Clause confers on Congress power "[t]o regulate Commerce . . . among the several States." Id. at 439 (quoting U.S. Const. art. I, § 8, cl. 3). "The negative or dormant implication of the Commerce Clause prohibits state taxation . . . that discriminates against or unduly burdens interstate commerce and thereby 'imped[es] free private trade in the national marketplace.'" Ibid. "This 'negative' aspect of the Commerce Clause prohibits economic protectionism -- that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." Ibid.

The four-part test to determine whether a tax violates the Commerce Clause asks "whether the tax (1) is applied to an activity with a substantial nexus to the taxing state; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the state." Ibid. (quoting Stryker Corp. v. Dir., Div. of Tax'n, 168 N.J. 138, 152 (2001) (applying the test set forth in Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 282 (1977))).

The Appellate Division focused on the third requirement of that test, noting that "[d]iscrimination claims under the dormant Commerce Clause require a two-step analysis." Id. at 439-41. First, there must be a showing of "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." Id. at 441. A law that does so discriminate "can be sustained only [if] narrowly tailored to 'advanc[e] a legitimate local purpose.'" Ibid.

Noting that "a statute 'is not facially discriminatory' if '[i]t does not differentiate between in-state and out-of-state businesses,'" ibid., the Appellate Division explained that, "[h]ere, the exclusion of Jersey City residents from the payroll tax calculation applies without respect to whether the employer is a resident of this state or another," id. at 442. In the court's view, "Chapter 68 and the Ordinance do not, on their face, favor New Jersey's economic interests over another state's. Nor have plaintiffs demonstrated that the impact of the payroll tax as enacted was either intended to, or does, burden out-of-state residents." Id. at 442-43. Observing that "Chapter 68 and the Ordinance prohibit employers from collecting the tax from their employees," the Appellate Division added that "the record lacks any proof that employers are or will be inhibited from hiring out-of-state residents because they will have to pay a tax on their salaries." Id. at 443. Finding no discrimination against interstate commerce, the court did not need to "consider the second tier of the discrimination analysis in this case." Ibid.

The court did address "the second, 'fair apportionment' prong of the [four-part] test," noting that fair apportionment requires both internal and external consistency. See ibid. The court ultimately found the record too incomplete to determine whether there was internal consistency with regard to employees who work outside of -- but whose supervisor is based in -- Jersey City. Id. at 446.

2

The Appellate Division explained that, "[i]f a non-Jersey City resident employee of a company works in Manhattan but is supervised by the company's Jersey City-based supervisor, the Ordinance imposes a tax on the company for that employee," which is permissible under N.J.S.A. 40:48C-14(b). Id. at 444. And then, "[i]f New York City, for example, were to impose a payroll tax on the company for that same employee, the supervisor provision . . . incorporated in the Ordinance would be internally inconsistent, i.e., both states' identical taxes would result in multiple taxation of that employee's services." Ibid. Thus, the court determined, "the supervisor provisions . . . , left as enacted without limitations, violate the second prong of the Complete Auto test, and, therefore, violate the dormant Commerce Clause of the United States Constitution." Id. at 446.

The court stressed that, on the record before it, it had "no idea whether plaintiff-businesses and other Jersey City employers actually face double taxation. We also do not know whether the State or the City, faced with the prospect of our holding, would fashion another remedy, including, possibly striking the supervisor provisions entirely." Ibid. The Appellate Division "therefore vacate[d] the dismissal of plaintiffs' Commerce Clause cause of action as it pertains to the supervisor provisions, [and] remanded the matter." Id. at 446-47.

The Court granted the petition for certification limited to whether the residency exemption violates the Commerce Clause, 248 N.J. 411, 412 (2021), and it also granted three cross-petitions for certification, 248 N.J. 412; 413; 414 (2021).

**HELD:** The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Messano's published opinion.

**AFFIRMED.**

**JUSTICE ALBIN dissents** from the dismissal of plaintiffs' discriminatory payroll tax claim on a Rule 4:6-2(e) motion, when the complaint on its face alleges a valid claim that Jersey City Ordinance 18-133 violates the federal Commerce Clause. Justice Albin explains that the trial court and Appellate Division did not take the "hospitable approach" to the allegations in the complaint required by New Jersey jurisprudence. Only after the taking of discovery should plaintiffs have been held to the evidentiary standards demanded by those courts, in Justice Albin's view. Justice Albin concurs with the majority's decision to remand for discovery as to the supervisor provisions.

**CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, and PIERRE-LOUIS; and JUDGE FUENTES (temporarily assigned) join in this opinion. JUSTICE ALBIN filed a separate opinion, dissenting in part and concurring in part.**

3

SUPREME COURT OF NEW JERSEY
A-8/9/10/11 September Term 2021
085465

Mack-Cali Realty Corp., Cal-Harbor V
Urban Renewal Associates, LP, Cal-Harbor VII
Urban Renewal Associates, LP, Roseland
Residential Trust, Gary Wagner, Ivan Baron,
H.P. Roosevelt Urban Renewal Company, LLC,
Cambridge Corporate Services, Inc., Local 621,
United Construction Trades Industrial Union,
Local 365, United Employees of Service
Workers, SP Plus Corporation, Los Cuernos Corp.,
Exchange Place Alliance District Management
Corporation, Spartan Security Services, Inc.,
New Jersey Business & Industry Association, and
Hudson County Chamber of Commerce & Industry,

Plaintiffs-Appellants/Cross-Respondents,

v.

State of New Jersey, City of Jersey City,
Mayor and Council of the City of Jersey City,
Donna Mauer, in her Official Capacity as
Director and Chief Financial Officer of the City of
Jersey City, and Brian Platt, in his Official
Capacity as Business Administrator of
the City of Jersey City,

Defendants-Respondents/Cross-Appellants.

City of Newark,

Intervenor-Respondent/Cross-Appellant.

1

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
466 N.J. Super. 402 (App. Div. 2021).

Argued                          Decided
April 25, 2022                  May 31, 2022

Paul S. Grossman argued the cause for appellants/cross-respondents (Weiner Law Group, attorneys; Paul S. Grossman, Clark E. Alpert, and Stephen J. Edelstein, on the briefs).

Jean P. Reilly, Assistant Attorney General, argued the cause for respondent/cross-appellant State of New Jersey (Matthew J. Platkin, Acting Attorney General, attorney; Jean P. Reilly, of counsel and on the briefs, and Eileen W. Siegeltuch, Michael J. Duffy, Jamie M. Zug, Miles Eckardt, and Heather Lynn Anderson, Deputy Attorneys General, on the briefs).

Vito A. Gagliardi, Jr. argued the cause for respondents/cross-appellants City of Jersey City, Mayor and Council of the City of Jersey City, Donna Mauer, and Brian Platt (Porzio, Bromberg & Newman and City of Jersey City, attorneys; Vito A. Gagliardi, Jr. and Peter J. Baker, of counsel, and Jeffrey M. Pypcznski and Thomas J. Reilly, on the briefs).

Cheyne R. Scott argued the cause for intervenor-respondent/cross-appellant City of Newark (Chasan Lamparello Mallon & Cappuzzo, attorneys; Cheyne R. Scott, of counsel and on the briefs, and Cindy Nan Vogelman, on the briefs).

PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Messano's opinion, reported at 466 N.J. Super. 402 (App. Div. 2021).


CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, and PIERRE-LOUIS; and JUDGE FUENTES (temporarily assigned) join in this opinion. JUSTICE ALBIN filed a separate opinion, dissenting in part and concurring in part.

Mack-Cali Realty Corp., Cal-Harbor V
Urban Renewal Associates, LP, Cal-Harbor VII
Urban Renewal Associates, LP, Roseland
Residential Trust, Gary Wagner, Ivan Baron,
H.P. Roosevelt Urban Renewal Company, LLC,
Cambridge Corporate Services, Inc., Local 621,
United Construction Trades Industrial Union,
Local 365, United Employees of Service
Workers, SP Plus Corporation, Los Cuernos Corp.,
Exchange Place Alliance District Management
Corporation, Spartan Security Services, Inc.,
New Jersey Business & Industry Association, and
Hudson County Chamber of Commerce & Industry,

Plaintiffs-Appellants/Cross-Respondents,

v.

State of New Jersey, City of Jersey City,
Mayor and Council of the City of Jersey City,
Donna Mauer, in her Official Capacity as
Director and Chief Financial Officer of the City of
Jersey City, and Brian Platt, in his Official
Capacity as Business Administrator of
the City of Jersey City,

Defendants-Respondents/Cross-Appellants.

City of Newark,

Intervenor-Respondent/Cross-Appellant.

JUSTICE ALBIN, dissenting in part and concurring in part.

1

The majority has improvidently affirmed the dismissal of plaintiffs' discriminatory payroll tax claim on a Rule 4:6-2(e) motion, when the complaint on its face alleges a valid claim that Jersey City Ordinance 18-133 violates the federal Commerce Clause. At this procedural posture, this case should have been remanded to permit the parties to take discovery and to give plaintiffs the opportunity to produce evidence to support their claim. It may be that plaintiffs will fall short of their burden. The majority, however, prematurely rings the death knell on that claim, and therefore I respectfully dissent.

## I.

Jersey City adopted Ordinance 18-133, which imposed on every Jersey City "employer a tax equal to one percent of the employers' payroll" for the purpose of funding public education. Jersey City, N.J., Code § 304-19, 19.1. Under the Ordinance, however, employers were exempted from paying the payroll tax for their Jersey City resident employees. Id. § 304-19(a). In other words, the payroll tax was imposed only on an employer's non-resident employees -- whether in-state or out-of-state.

Plaintiffs filed an action alleging that the Jersey City Ordinance, and its enabling statute, violated the federal Commerce Clause. In their complaint, plaintiffs allege that "many New York citizens, not resident in Jersey City,

work in Jersey City or seek employment in Jersey City." They further allege that the Ordinance's payroll tax makes the employment of non-residents by Jersey City businesses more costly and therefore deters those businesses from hiring out-of-state employees. Plaintiffs claim that the discriminatory targeting of non-resident employees, who come from New York, unconstitutionally interferes with interstate commerce.

## II.

Jersey City filed a motion to dismiss pursuant to Rule 4:6-2(e), asserting that the complaint does not state a claim on which relief can be granted. On such a motion, our jurisprudence commands that we examine the complaint liberally to discern whether it contains a "fundament of a cause of action." See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Our review is limited to "the facts alleged on the face of the complaint" in determining whether a plaintiff has pled a legally sufficient cause of action. Ibid. (citing Rieder v. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)); see also Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019). At this early procedural stage, "the plaintiff is 'entitled to every reasonable inference of fact,'" and our courts are instructed to take "'a generous and hospitable approach'" in reviewing the validity of the complaint. Dimitrakopoulos, 237 N.J. at 107 (quoting Printing

3

Mart-Morristown, 116 N.J. at 746). Accordingly, motions for failure to state a claim under Rule 4:6-2(e) "should be granted in only the rarest of instances." Printing Mart-Morristown, 116 N.J. at 772.

III.

A statute that "discriminates against interstate commerce" or has the effect of "favor[ing] in-state economic interests over out-of-state interests" generally violates the Commerce Clause. Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth., 476 U.S. 573, 579 (1986). "'[D]iscrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of Or., 511 U.S. 93, 99 (1994). A discriminatory law will be invalidated unless "it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." Id. at 101 (quoting New Energy Co. of Ind. v. Limbach, 486 U.S. 269, 278 (1988)).

However, a neutral law that imposes only an incidental effect on interstate commerce will be upheld unless "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." Id. at 99 (quoting Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970)).

4

IV.

In dismissing plaintiffs' discriminatory payroll tax claim, the trial court explained that "[a]side from mere assertions, plaintiffs have not provided any evidence that it will, in fact, be more expensive to hire someone who does not reside in Jersey City." The court also stressed that "[p]laintiffs failed to make a competent showing of their economic loss attributable to the law, as well as a discriminatory effect on interstate commerce as a whole." The Appellate Division likewise reasoned that "[p]laintiffs have failed to demonstrate, beyond mere conjecture, that the payroll tax as enacted burdens out-of-state-resident employees, i.e., that the Ordinance's effect burdens out-of-state economic interests." See Mack-Cali Realty Corp. v. State, 466 N.J. Super. 402, 442 (App. Div. 2021).

In coming to those conclusions, however, neither the trial court nor the Appellate Division limited their review to "the facts alleged on the face of the complaint," nor did they give plaintiffs the benefit of "every reasonable inference of fact." See Printing Mart-Morristown, 116 N.J. at 746. "At this preliminary stage of the litigation," plaintiffs were not required to prove their claim. See ibid. Had those courts taken the "hospitable approach" to the allegations in the complaint, as required by our jurisprudence, see ibid., the Rule 4:6-2(e) motion would have been denied and the case would have

5

proceeded to discovery. Only after the taking of discovery should plaintiffs have been held to the evidentiary standards demanded by the trial court and the Appellate Division.

Had New York City passed a similar law imposing a payroll tax on businesses that employed the approximately 400,000 New Jersey residents commuting over the Hudson River, would a claim alleging on its face an interference with interstate commerce have been dismissed? In the present case and the hypothetical one posed, we need to know more before rushing to judgment.

On this bare record, we do not know the true extent of the payroll tax's effect: whether and to what extent the payroll tax impacts Jersey City employers' hiring decisions, and whether out-of-state resident employees are adversely affected by the tax. Only if plaintiffs were given the opportunity to take discovery would we know whether the payroll tax has only an incidental effect on interstate commerce.

I therefore respectfully dissent from the dismissal of the discriminatory payroll tax claim. I concur with the majority's decision to remand for discovery on the challenged provision of the Ordinance that imposes a payroll tax on Jersey City businesses for each out-of-state employee supervised from Jersey City.